**UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT**

_____

In re:

    **CYNTHIA DIANN MAYER-MYERS,**
                Debtor.

Chapter 13 Case
# 05-12466

Filed & Entered
On Docket
10/18/06

_____

    **CYNTHIA DIANN MAYER-MYERS,**
                Plaintiff,
        v.

    **GREEN TREE SERVICING, LLC,**
                Defendant.

Adversary Proceeding
# 06-1018

_____

*Appearances:*    Rebecca A. Rice, Esq.    Tavian M. Mayer, Esq.
                           Rutland, Vt.                 South Royalton, Vt.
                           *For the Plaintiff*            *For the Defendant*

**MEMORANDUM OF DECISION
CONVERTING DEFENDANT'S MOTION TO DISMISS ADVERSARY PROCEEDING
TO A MOTION FOR SUMMARY JUDGMENT**

Cynthia Diann Mayer-Meyers (the "Plaintiff") initiated the above-referenced adversary proceeding to subordinate the claim of Green Tree Servicing, LLC (the "Defendant" and collectively with the Plaintiff, the "Parties"), alleging that the Defendant's predecessor in interest breached its contract with the Plaintiff and its fiduciary duties when it advanced payments on a construction loan without the Plaintiff's consent and contrary to her explicit instructions (doc. #1). The Defendant has moved to dismiss the adversary proceeding on several grounds, pursuant to Fed. R. Civ. Proc. 12(b) and Fed. R. Bankr. P. 7012(b), including: (1) lack of subject matter jurisdiction, (2) improper venue, and (3) failure to state a claim upon which relief can be granted[1] (doc. #5). In its moving papers, the Defendant has noted that "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment," and it has reserved the right to supplement its filings if the Court finds such conversion appropriate (doc. #5). For the reasons set forth below, the Court determines the conversion of this motion to dismiss to a motion for summary judgment is both appropriate and necessary.

---

[1] The Defendant has raised the issue of subject matter jurisdiction, which implicates whether a case arises under the Constitution, statutes, or treaties of the United States, and whether the case is a "case or controversy," see Baker v. Carr, 369 U.S. 186, 198 (1962). It has also alleged that venue is improper, a matter which concerns whether an action has been brought in the proper judicial district, see Gulf Ins. Co. v. Glasbrener, 417 F.3d 353, 355 (2d Cir. 2005), 28 U.S.C. § 1391. The Court finds that the Defendant has confused the question of subject-matter jurisdiction with the question of which court has jurisdiction to hear and resolve Plaintiff's claims. This Court clearly has subject-matter jurisdiction over the instant adversary proceeding. Similarly, this Court is the proper venue for Plaintiff's bankruptcy case and objection to any claims in this case. The Court interprets and treats the Defendant's argument as implicating the doctrine of *res judicata*. See infra.

## JURISDICTION

The Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 157(b)(2)(B).

## PROCEDURAL BACKGROUND

The arguments made by the Parties in their papers and during hearings on this motion have evolved considerably from the simple subordination claim set out in Plaintiff's complaint. In essence, the Defendant's motion to dismiss has relied upon orders issued in In re Conseco, Inc., No. 02-B-49672, filed December 17, 2002 in the Bankruptcy Court of the Northern District of Illinois. The Defendant argues that only the Illinois Bankruptcy Court has jurisdiction to adjudicate the claim Plaintiff advances here, and therefore the Illinois proceedings bar Plaintiff's claims. The Plaintiff also focuses on the Illinois Bankruptcy proceedings, contending that a March 13, 2003 Sale Order issued in that case improperly extinguished its defense of recoupment under 11 U.S.C. § 363(f) in this Court.

The crux of the Defendant's argument appears to be that the principles of res judicata preclude Plaintiff from asserting her claims in this adversary proceeding – i.e., that Plaintiff may not collaterally attack the orders of the Illinois Bankruptcy Court by seeking relief here. The Defendant attached a copy of the March 2003 Sale Order to its motion to dismiss, asked the Court to take judicial notice of the Sale Order, and relied on that document to support its arguments. However, the Defendant made numerous other factual representations in its papers – concerning, for example, the relationship among the various Green Tree, Conseco, and CFN entities, and the proceedings in somewhat-related actions in the U.S. District Court for the District of Vermont and in Vermont state court – without providing the requisite evidentiary support. In sum, the current record is insufficient for a determination of either a motion to dismiss or a motion for summary judgment as the documents providing the factual underpinnings of the Parties' arguments – other than the Consent Order -- are not in the record. Upon conversion of the motion to dismiss into a motion for summary judgment, the Parties will be in a procedural context that is procedurally suited to the scope of the arguments before the Court. Moreover, in the context of a summary judgment motion, it is clear that the Parties must present admissible evidence (or a stipulation of undisputed material facts) to support the facts alleged and support their arguments with citations to documents that are contained in the record before this Court.

## FINDINGS AND CONCLUSIONS

Because the Parties have argued the merits of their positions based on documents outside the complaint and beyond the record before this Court, the Court finds that it is necessary and appropriate to treat the Defendant's motion to dismiss as a motion for summary judgment, in order to address the relief sought. The Court further finds that pursuant to Fed. R. Civ. P. 12, as incorporated into Fed. R. Bankr. P. 7012, the Parties should be given a reasonable opportunity to present all material and arguments pertinent to a motion for summary judgment.

2

THEREFORE, the Court converts the Defendant's motion to dismiss into a motion for summary judgment that complies with the requirements of Vt. LBR 7056-1 and 2. A case management schedule for this motion for the summary judgment in this adversary proceeding, and the confirmation hearing in this case, is established by separate Order.

This memorandum constitutes the Court's findings of fact and conclusions of law.

_____
Colleen A. Brown
United States Bankruptcy Judge

October 18, 2006
Rutland, Vermont

3